UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
HSIU-HUA LEE,

                Plaintiff,

   -against-

THE TJX COMPANIES, INC., d/b/a T.J.
MAXX and 20ᵀᴴ AVENUE DEVELOPMENT, LLC.

                Defendants.
----------------------------------------X

**Civil Action No.:**

**NOTICE OF REMOVAL**

**Queens County**
**Index No.:713866/2023**

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK:**

Defendant, THE TJX COMPANIES, INC i/s/h/a TJX COMPANIES, INC. d/b/a T.J. MAXX, ("TJX"), by its attorneys, SIMMONS JANNACE DELUCA, LLP, Allison C. Leibowitz, of counsel, upon information and belief, respectfully petitions the Court, pursuant to 28 U.S.C. § 1441, as follows:

1. On July 6, 2023, the above-captioned civil action was commenced and is now pending in the Supreme Court of the State of New York, County of Queens. A trial has not yet been had therein. A copy of the Summons and Complaint is annexed as **Exhibit "A"**. Defendant, TJX has served an Answer to plaintiff's Complaint. Copy of the Answer is annexed as **Exhibit "B"**. Defendant 20ᵀᴴ AVENUE DEVELOPMENT, LLC has not yet appeared in this action.

2. The action seeks monetary damages for injuries allegedly suffered by plaintiff, HSIU-HUA LEE, allegedly caused by defendants. Plaintiff's complaint sounds in negligence.

3. There is complete diversity between plaintiff and TJX, in that: (a) plaintiff is a citizen of the State of New York, and (b) defendant, The TJX Companies, Inc. is now, and was at the time the action was commenced, incorporated pursuant to the laws of the State of Delaware with its principal place of business in Massachusetts.

4. This action is one in which the District Courts of the United States have original jurisdiction under 28 U.S.C. § 1332.

5. Plaintiff also sued 20TH AVENUE DEVELOPMENT, LLC ("20th Avenue"), a domestic limited liability company. The residences of all members of the limited liability company are unknown.

6. Diversity jurisdiction is generally determined by the face of the complaint. However, an exception to this rule exists where non-diverse defendants are fraudulently joined.

7. Upon information and belief, plaintiff sued 20th Avenue solely in an effort to destroy diversity jurisdiction.

8. 20th Avenue is an out-of-possession Ground Lessor that did not, and had no obligation to, operate, maintain or repair the interior of the demised premises. Pursuant to the Lease for the subject premises, TJX was solely responsible to maintain and repair the interior of the premises, including all glass and all

utilities conduits, fixtures and equipment within the premises exclusively used by TJX. See Felipe v. Target Corp., 572 F. Supp. 2d 455, 461 (S.D.N.Y. August 27, 2008) (quoting Grippo v. City of New York, 45 A.D.3d 639, 640, 846 N.Y.S.2d 264 [2d Dep't 2007] ["an out-of-possession property owner is not liable for injuries that occur on the property unless the owner has retained control over the premises or is contractually obligated to perform maintenance and repairs."]).

9. TJX seeks removal based upon diversity of citizenship and fraudulent joinder.

10. Accordingly, 20th Avenue's presence does not defeat diversity. Indeed, under fraudulent joinder, "courts overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court." Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 302 (2d Cir. 2001); Allied Programs Corp. v. Puritan Ins. Co., 592 F. Supp. 1274, 1276 (S.D.N.Y. September 13, 1984) (quoting Nosonowitz v. Alleghany Beverage Corp., 463 F. Supp. 162, 163 [S.D.N.Y. January 12, 1978]) (joinder is fraudulent when "there can be no recovery [against the defendant] under the law of the state on the cause alleged, or on the facts in view of the law as they exist when the petition to remand is heard").

11. Moreover, as an out-of-possession Ground Lessor against which no cause of action can be maintained, 20th Avenue is a nominal party. Therefore, 20th Avenue's consent to removal is not required. See Zerafa v. Montefiore Hosp. Housing Co., 403 F.Supp.2d 320, 325-28 (S.D.N.Y. 2005).

12. The amount in controversy requirement of $75,000 is satisfied as plaintiff alleges in her complaint that damages exceed the Federal threshold pursuant to 28 U.S.C. § 1332(a). See ¶ 47 of Exhibit "A".

13. Written notice of the filing of this Notice of Removal will be given to plaintiff promptly after the filing of this Notice. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Court of the Supreme Court of the State of New York, County of Queens promptly after the filing of this Notice.

14. Attached to this Notice, and by reference made a part hereof, are true and correct copies of all process and pleadings filed herein.

15. By filing this Notice of Removal, defendant does not waive any defense which may be available to it, specifically including, but not limited to, its right to contest *in personam* jurisdiction over defendant, improper service of process and the absence of venue in this Court or the Court from which this action has been removed.

**WHEREFORE**, defendant prays that the above-captioned action now pending in the Supreme Court in the State of New York, County of Queens, be removed therefrom to this Court.

Dated: Hauppauge, New York
   August 8, 2023

          **SIMMONS JANNACE DELUCA LLP**

          BY: _____
             Allison C. Leibowitz
          Attorneys for Defendant
          THE TJX COMPANIES, INC.
          i/s/h/a THE TJX COMPANIES,
          INC. d/b/a T.J. MAXX
          **Office and P.O. Address:**
          43 Corporate Drive
          Hauppauge, NY 11788
          (631) 873-4888

TO:

Elefterakis, Elefterakis & Panek
Attorneys for Plaintiff
**Office & P.O. Address:**
80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116